

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

SHERYL D. RIDENHOUR, §
§
　　　Plaintiff, §
§
VS. § NO. 4:08-CV-156-A
§
MICHAEL J. ASTRUE, §
COMMISSIONER OF SOCIAL SECURITY, §
§
　　　Defendant. §

MEMORANDUM OPINION
and
ORDER

　　Came on for consideration the above-captioned action wherein Sheryl D. Ridenhour is plaintiff and the Commissioner of Social Security, currently Michael J. Astrue, is defendant. On October 17, 2008, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation,[1] and granted the parties until November 7, 2008, to file and serve any written objections thereto. On November 5, 2008, plaintiff filed her objections. For the reasons given below, the court has concluded that it should accept the proposed findings, conclusions and recommendation of the United States Magistrate and affirm defendant's decision.

I.

Standards of Review

　　Pursuant to 42 U.S.C. § 405(g), the only issues before the

---

[1] Citations to the proposed findings, conclusions, and recommendation issued by the United States Magistrate Judge will be "FC&R."

court are whether the final decision of the Commissioner that plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence, and whether the decision complies with applicable legal standards. Crouchet v. Sullivan, 885 F.2d 202, 204 (5th Cir. 1989). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. Richardson v. Perales, 402 U.S. 389, 390 (1971). The court may not reweigh the evidence or substitute its opinion for that of the Commissioner, but must scrutinize the record in its entirety to ascertain whether substantial evidence exists to support the Commissioner's findings. Fraga v. Bowen, 810 F.2d 1296, 1302 (5th Cir. 1987). Substantial evidence is more than a mere scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Crouchet, 885 F.2d at 204. In determining whether the Commissioner's decision is supported by substantial evidence, the court considers (1) objective medical facts and clinical findings, (2) diagnosis of examining physicians, (3) subjective evidence of pain and disability as testified to by the claimant, and (4) the claimant's age, education, and work history. Smith v. Schweiker, 646 F.2d 1075, 1077 (5th Cir. Unit A June 1981). "[N]o substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988) (citing Hames v. Heckler, 707 F.2d 162, 164 (5th Cir. 1983)).

Once the magistrate judge has issued his proposed findings, conclusions, and recommendation, and the plaintiff has made objections thereto, the district judge makes a <u>de novo</u> determination of those portions of the magistrate judge's specified proposed findings or recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court now makes that determination in the context of the basic principles mentioned above.

II.

<u>Plaintiff's Objections and Rulings Thereon</u>

A. <u>Reflex Sympathetic Dystrophy</u>

Plaintiff's first set of objections involves the ALJ's decision in light of her reflex sympathetic dystrophy.[2] Plaintiff first contends that Social Security Ruling 03-2p ("Ruling 03-2p"), a ruling pertaining to reflex sympathetic dystrophy, creates a special procedure for developing and evaluating her claims. The ruling, however, clearly states that these claims "are adjudicated using the sequential evaluation process, just as for any other impairment." Soc. Sec. Rul. 03-2p at *6 (Oct. 20, 2003).

Plaintiff maintains that, because the administrate law judge ("ALJ") did not recontact her treating physician or request

---

[2]Plaintiff's objections to the FC&R first appear on page 4 of her brief filed November 5, 2008. The three pages preceding her objections are not objections to the FC&R, but instead include an argument that was not made before the magistrate judge. Because plaintiff provides no explanation as to why she did not raise this argument earlier, the court declines to evaluate it. See Cupit v. Whitley, 28 F.3d 532, 535 (5th Cir. 1994).

additional information from treating or examining sources, his residual capacity assessment is defective. Plaintiff alleges that she has shown that she was prejudiced by this failure because the ALJ determined that there were no functional limitations resulting from her impairment. Because plaintiff makes no showing of any additional evidence that might have led the ALJ to a different decision had he further developed the record, reversal is not appropriate. See Newton v. Apfel, 209 F.3d 448, 458 (5th Cir. 2000).

Plaintiff also objects to the magistrate judge's conclusion that the ALJ properly evaluated her credibility. Plaintiff's argument is that, because the ALJ did not expressly note that one of the symptoms of reflex sympathetic dystrophy is disproportionate complaints of pain, his determination of her credibility is inaccurate. The record reflects that, as required by Ruling 03-2p and the disability regulations, the ALJ based his credibility determinations on the entire record. The ALJ's failure to specifically discuss one of plaintiff's symptoms does not require reversal. See Falco v. Shalala, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in his articulation comprises no aspect of fairness or accuracy that this process is designed to ensure.").

B.  Significant Number of Jobs

Plaintiff's second group of objections relates to the ALJ's determination that there were other jobs that plaintiff could perform despite her impairments. Plaintiff first objects to the

4

magistrate judge's conclusion that there was no patent conflict requiring reversal between the vocational expert witness's testimony and the <u>Dictionary of Occupational Titles</u> ("DOT"). Plaintiff contends that this is an "obvious conflict" because, while the ALJ found that plaintiff could not use her dominant right upper extremity, the call-out operator job mentioned by the vocational expert, according to the DOT, requires occasional reaching, handling, and fingering.[3] Plaintiff does not allege that she cannot perform the job of a call-out operator, nor does she provide any explanation as to why the job, as her argument implies, must be performed by either the dominant hand or arm or require bilateral use of the arms and hands. See <u>Carey v. Apfel</u>, 230 F.3d 131, 146 (5th Cir. 2000); <u>Crowley v. Apfel</u>, 197 F.3d 194, 198 (5th Cir. 1999). Because the court concludes that the ALJ's decision is supported by substantial evidence, this objection is without merit. Accordingly, the court need not address plaintiff's last objection that defendant did not identify work that exists in significant numbers in the region where she lives.[4]

### III.

### Conclusion and Order

For the reasons stated above, all objections of plaintiff

---

[3] While plaintiff now contends that this is an "obvious conflict," plaintiff's counsel did not raise this issue during the administrative hearing. See <u>Carey v. Apfel</u>, 230 F.3d 131, 146-147 (5th Cir. 2000).

[4] Plaintiff does not contend that 2,500 jobs in Texas and 31,500 jobs in the nation is insufficient to establish a significant number of jobs.

5

are without merit. Therefore, the court accepts the magistrate judge's proposed findings, conclusions, and recommendations. Consistent therewith,

The court ORDERS that the Commissioner's decision that plaintiff did not qualify for disability insurance benefits under Title II of the Social Security Act be, and is hereby, affirmed.

SIGNED January 12, 2009.

JOHN McBRYDE
United States District Judge